UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.:

BRITTANY MILLER,
an Individual,

    Plaintiff,

v.

WAL-MART ASSOCIATES, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**WITH DECLARATIVE AND INJUNCTIVE RELIEF REQUESTED**

Plaintiff, BRITTANY MILLER, ("Plaintiff" or "Miller"), by and through undersigned counsel, hereby files this Complaint against Defendant, WAL-MART ASSOCIATES, INC. ("Defendant"), and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") seeking recovery from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is an adult individual who resides in Pinellas County, Florida.

3. Defendant is a foreign profit corporation that operates and conducts business in, among others, Pinellas County, Florida, and is thus within this court's jurisdiction.

4. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

5. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Pinellas County, Florida.

6. Defendant is a Florida not for profit corporation that is located and does business in Pinellas County, Florida, and is therefore within the jurisdiction of this Court.

7. Plaintiff worked for Defendant in Pinellas County, Florida, and therefore the proper venue for this case is the Tampa Division of the Middle District of Florida.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked,

for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

10. Plaintiff worked for Defendant, most recently as a Sales Associate, from March 5, 2016, until her termination on April 21, 2025.

11. During her tenure with Defendant, Plaintiff was an excellent and reliable employee, and had no significant history of non-medical attendance, tardiness, or disciplinary issues.

12. Unfortunately, in mid-April of 2025, Plaintiff's daughter suffered flareups of a chronic serious health condition, specifically diabetes.

13. Plaintiff swiftly disclosed her daughter's serious health condition to Defendant, and explained that treating and addressing her daughter's condition had caused her to miss some days in April.

14. Defendant delayed in giving Plaintiff advice about her rights and responsibilities under the FMLA, and in telling Plaintiff to contact Defendant's third-party leave coordinator, Sedgwick, in order to apply for FMLA leave.

15. In an effort to be able to treat and address her daughter's chronic serious health condition, Plaintiff submitted to Defendant's third-party leave coordinator, Sedgwick, FMLA application paperwork.

16. Defendant nevertheless peppered Plaintiff with so-called attendance "points" in order to interfere with and retaliate against Plaintiff, despite its own failures and delays detailed hereinabove.

17. Unfortunately, there was a further delay with Sedgwick in approving Plaintiff's FMLA application.

18. On April 21, 2025, Defendant informed Plaintiff that Defendant had decided to terminate her employment, effective immediately.

19. Had Defendant simply waited four (4) more days, it would have learned of Plaintiff's approval for FMLA leave from Sedgwick which would have kept her so-called "points" within approved levels.

20. Plaintiff's nine (9) years of dedicated service to Defendant and its customers were brushed aside by Defendant in its zeal to rid its workplace of the mother of a diabetic child.

4

21. Defendant offered no cogent explanation for taking this extreme adverse employment action against Plaintiff.

22. It is clear that Defendant retaliated against Plaintiff based on her close family member's serious health condition and her attempted use of FMLA leave.

23. Any other "reason" theorized after the fact by Defendant for its termination of Plaintiff's employment is pure pretext.

24. Defendant's adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff disclosing her serious health condition and for taking protected FMLA leave.

25. Defendant's actions were unlawful and constitute actionable violations of the FMLA.

26. Plaintiff was unquestionably engaging in statutorily protected conduct (disclosing her serious health condition, requesting leave, and taking leave), and unquestionably suffered an adverse employment action (termination).

27. The timing of Defendant's interfering and retaliatory actions toward Plaintiff conclusively establishes that crucial aspect of Plaintiff's *prima facie case. See Brungart,* 231 F.3d at 799 ("[t]he general rule is that close temporal proximity between the employee's protected conduct and the adverse employment action is sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection").

28. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

29. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

30. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

31. The timing of Plaintiff's disclosure of her serious health condition and her use of protected FMLA leave and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

32. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her use of protected FMLA leave.

33. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

34. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

35. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 35 above.

37. At all times relevant hereto, Plaintiff was protected by the FMLA.

38. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

39. At all times relevant hereto, Defendant interfered with Plaintiff by discouraging her use of FMLA and/or failing to restore Plaintiff to the same position or an equivalent position after her return from FMLA leave.

40. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

41. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

42. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 35 above.

43. At all times relevant hereto, Plaintiff was protected by the FMLA.

44. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

45. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for her use of FMLA-protected leave.

46. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed her serious health condition and her use or attempted use of leave pursuant to the FMLA.

47. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

48. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages,

equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 29th day of October, 2025.

        Respectfully Submitted,

        ***/s/ Noah E. Storch***
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        RICHARD CELLER LEGAL, P.A.
        7951 SW 6th Street, Suite 316
        Plantation, Florida 33324
        Telephone: (866) 344-9243
        Facsimile: (954) 337-2771
        E-mail: **noah@floridaovertimelawyer.com**

        *Attorneys for Plaintiff*